## PROBATE COURT *v.* ELIJAH WINCH AND E. C. FISK.

*Probate Court, Decree of when Void. Homestead of Widow.*
*Interest. Administrator.*

1. A decree of the Probate Court distributing the estate of a deceased husband is void so far as it includes money derived from the sale of the homestead right, or personal property, owned by his widow, whose death was subsequent to that of her husband, and whose estate was unadministered; and an action cannot be sustained against the administrator and his surety on the probate bond by an heir to recover his portion of his mother's estate so included in the decree distributing his father's estate.

2. The administrator should be charged with interest received by him on interest-bearing notes.

3. The case was recommitted to the referees to report more fully on a certain point raised in the court below.

DEBT on bond. Heard on the report of referees, March Term, 1884, Washington County, POWERS, J., presiding. Judgment, *pro forma*, by consent of parties without hearing, for the plaintiff to recover the largest sum named in the report,—$80.01.

It appeared from the report, that the prosecutor, Jere-

miah Hall, and the administrator, subsequent to the decree, and taking the decree as a basis, had settled, and the amount found due the former was $80.01; that the administrator offered to give his note for that sum, but that the prosecutor refused it ; and that afterwards a disagreement arose in relation to interest.

*Frank Plumley,* for the defendant.

The decree of the Probate Court was void, in that it included in the distribution of Benj. Hall's estate, the estate of his widow ; and a refusal to comply therewith is not a breach of the bond. Bay. Sur. 178; *Hancock v. Hubbard,* 19 Pick. 172; 3 Pick. 128; *Hendrick v. Cleveland,* 2 Vt. 337; 31 Conn. 381.

The adminstrator has paid to the prosecutor all that belonged to him under the decree. *Judge of Probate v. Briggs.* 5 N. H. 70.

The Probate Court had no jurisdiction whatever over the widow's homestead. *Wattles v. Hyde,* 9 Conn. 10; 49 Me. 360; 6 Cal. 621; 11 Mass. 507; 17 Mass. 91; R. L. ss. 1915, 2170. On the death of the husband the homestead vested immediately and absolutely in fee in the widow. *Johnson's Est. v. Johnson's Est.* 41 Vt. 467; *Day v. Adams,* 42 Vt. 517; *Doane v. Doane,* 33 Vt. 649; Thomp. H. & Ex. s. 546; *Mann v.Mann,* 53 Vt. 48; R. L. s. 2182.

*James N. Johnson,* for the plaintiff.

The prosecutor stands upon the enforcement of the decree of the Probate Court. The homestead and the farm were sold by the administrator, and the avails administered. The decree was made without the opposition of any heir; and the administrator has settled with all the heirs, but withholds the balance due the prosecutor. It was done with the full consent of all the parties interested in the matter. The defendants are estopped from alleging the illegality of the decree. It is of record, and unappealed from. The surety

is equally liable with the administrator. His bond is, "To perform all orders and decrees of the Probate Court," &c. He has not performed. The adminstrator should be charged with the interest. *Hauxhurst v. Hovey,* 26 Vt. 544; *Pawlet v. Sandgate,* 19 Vt. 621; *Abbott v. Wilmot,* 22 Vt. 437; *R. R. Co. v. R. R. Co.* 34 Vt. 65; *Sumner v. Beebe,* 37 Vt. 562.

The opinion of the court was delivered by

Veazey, J. The question is, whether the defendants are liable on the administrator's bond, given in the administration of the estate of Benj. Hall, deceased, for an amount due Jeremiah Hall as his portion of the money derived from the sale of the homestead right of his mother in the estate of his father.

In the decree of distribution of the estate of Benj. Hall, a distribution of the homestead money was ordered, and such distribution was doubtless acquiesced in by the parties thereto as a matter of convenience; but it appears that administration of the widow's estate had never been taken out; and that though such homestead money was in the hands of Winch, the administrator, it was there simply as a trust for the legal owners and not as a fund subject to the orders of the Probate Court. That court, in administering upon the estate of Benj. Hall, never having acquired jurisdiction over the estate of the widow of Benj. Hall beyond ordering that part of it which consisted of her homestead right and her right to at least one third of the residue of the personal estate of her deceased husband to be set out,—R. L. s. 2108,—erred in ordering a distribution of her estate; and so much of its decree as relates to such distribution is void. And any right of action against this adminstrator for an amount due to an heir of the widow of Benj. Hall must be pursued in some other way than upon his administration bond.

The Probate Court does not proceed according to the course of the common law; but has a special and limited

jurisdiction given by statute ; and if it appear on the face of the proceedings that it has proceeded in a manner prohibited, or not authorized by law, its orders and decrees are absolutely void, and may be treated as a nullity. *Hendrick v. Cleveland,* 2 Vt. 329; *Smith v. Rice,* 11 Mass. 507; *Hunt v. Hapgood,* 4 Mass. 117; *Sumner v. Parker,* 7 Mass. 79.

As to the item of interest : It appears that at the date of the decree of distribution, a part of the assets in the administrator's hands consisted of unmatured interest notes given by Jeremiah Hall to the administrator in payment for the farm of his father, which he and other heirs bought in. The administrator thus receiving interest on these notes should be charged with the same on settlement.

The report shows that, upon this basis of interest and regarding the decree as void only as to the homestead money, the administrator has paid the plaintiff all that is due him under said decree except $3.30. But the defendant claims that the decree not only ordered a distribution of the homestead money, but also the widow's thirds of the personal estate which she derived from her deceased husband, and that this clearly appears from the probate records which were before the referee. If this is true the decree was void in this respect the same as in respect to the homestead money. In *Johnson v. Johnson,* 41 Vt. 467, it was decided that the portion of the personal estate of an intestate husband to be distributed under our statute to the widow, vests in her immediately upon his decease ; and in case of the decease of the widow before assignment by the Probate Court the same passes to her legal representative.

The claim is, that the plaintiff has been overpaid under the decree more than said $3.30, by reason of the error in it last referred to. Whether this is true or not does not fully appear from the report, the records of the Probate Court being only in part before us. We think the case shows the point was made before the referee and County Court ;

and that the defendants are entitled to have the case re-committed to the referees to report on this point. Then judgment should be rendered in accordance with the above views.

Judgment reversed and cause remanded.