FAVER *v.* PARKER.

(*Jackson.* May 21, 1897.)

1. ADMINISTRATION. *Liability of administrator.*

The administrator is required by statute to manage and protect a fund set apart as year's support for minors until a guardian shall be appointed, and then to pay same over to him, and, if he fails in this, and without resistance permits the Probate Court to pass an invalid order directing said fund to be paid to an unauthorized person, and, in obedience to such order, pays the fund over to such person, and it is lost, he will be held personally responsible to the minors for the same, with interest. (*Post, pp. 142–145.*)

Code construed: § 4024 (S.); § 3129 (M. & V.); § 2290 (T. & S.).

Case cited: Rhea *v.* Greer, 86 Tenn., 59.

2. SAME. *Same.*

But the administrator will be entitled to credit in such case for any amounts that may have been refunded or actually devoted to the benefit of the minor. (*Post, pp. 144, 145.*)

FROM SHELBY.

Appeal from Chancery Court of Shelby County. JNO. L. T. SNEED, Ch.

CASSELBERY & MARTIN for Faver.

PETERS, ROBERTS & NORFLEET for Parker.

WILKES, J. This bill is brought by the next friend of two minors, Gertie L. and Nancy N. Faver, to recover against H. B. Parker, a resident of Arkansas, and the Memphis Trust Company as administrator of W. C. Faver, a sum of money ($541.79) and interest, which was decreed to them as a year's support out of the estate of their father, W. C. Faver, deceased. This sum was paid over to H. B. Parker by the trust company, under an order of the Probate Court of Shelby County, reciting that he was next of kin of the children; that they had no mother; that they lived with Parker, and were cared for by him, and that he was their custodian. It appears from the proof that he was not custodian of the children, nor their next of kin, nor was he caring for the children, but that he obtained the money without bond, and invested the same in building and loan stock, which has since depreciated in value, if not become worthless. It appears that this money was paid over on the petition and application of said Parker, without any proof of the facts alleged, and without any inquiry by the trust company, as administrator, as to the truth of the petition and the matters set out in it, and without requiring any bond or security.

On final hearing, the Chancellor gave judgment against Parker for the amount paid him, and interest, in all, $721.58, in favor of the children, and ordered the recovery paid into Court, subject to its further orders, but declined any relief as to the trust com-

pany, as administrator, upon the ground that it acted in good faith, and under an order of the Court, which had jurisdiction to make such order.

From the decree refusing relief to the minors, against the trust company, they, through their next friend, appealed to this Court on the pauper's oath, and, as to the judgment against him, Parker appealed, but has not perfected or prosecuted such appeal. The contention in this Court for the minor appellants is, that the order of the Probate Court was void, and based upon no proof, and was procured fraudulently by Parker, and that the trust company, as administrator, was negligent in not requiring proof of the matters stated in the petition, and in not seeing that he was the proper party to whom to make such payment; that Parker was insolvent; and that the money had thus been lost through the carelessness of the trust company.

The trust company insists that the Probate Court had plenary jurisdiction to order the fund paid out, and it was not incumbent on it to see that it was paid to the proper party, but that the order of the Court was full and ample protection to it. It made no inquiry, and caused no proof to be taken, but simply paid under the order of the Court and the recommendation of the commissioners appointed to allot the year's support.

It is provided that the administrator shall be trustee for the management of the property set apart for the support of minor children until the appointment

of a guardian, to whom he shall pay it over, taking his receipt. Shannon, § 4024. When there is no guardian it is a dereliction of duty in an administrator, for which he is personally liable, if he fails to reserve the year's allowance for minor children upon his own motion. *Rhea* v. *Greer*, 2 Pickle, 59, 64. There is an active duty imposed upon him to see that the property reaches the guardian of the minors in order that they may receive its benefits, and to allow it to be paid over to an unauthorized person, without any effort to put the Court in possession of the facts necessary for its guidance, or to have a guardian appointed to receive it, is a dereliction of duty. The minors are incompetent, by their minority, to protect their own interests, and in all orders made by the Court touching their funds in the hands of the administrator, it was the duty of the administrator to protect the interest of the minors, as well as its own. The order of the Probate Court in this case cannot protect the administrator, inasmuch as the Court had no jurisdiction to make it, and the company cannot protect itself under such order, because it made no effort to comply with the law or put the Court in possession of the facts necessary for its action.

It appears from the briefs of counsel for both parties, that since this case was appealed to this Court, the defendant, Parker, has paid the larger part of the judgment rendered against him. Whether the payment has been made into Court, or in what

Faver *v.* Parker.

way or to whom paid, does not appear. If the funds have been paid into Court, or if the minors have actually received the benefit of the funds paid in, this will be a discharge *pro tanto* of the liability.

The judgment of the Court below will be reversed, therefore, and a decree will be drawn holding the trust company liable for the amount paid by it to Parker, and interest, and the cause will be remanded to the Court below for a reference to ascertain the amounts paid into Court, or that have been actually received by the minors, and of which they have received the benefit, and for such amounts the judgment will be credited, and only the balance will be collected. The costs of appeal will be paid by the trust company, and the cost of the Court below as adjudged by that Court.