GARDNER S. LAMSON, administrator, *vs.* CHARLES S. KNOWLES.

Nantucket.　　October 26, 1897. — February 24, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*French Spoliation Claims — Probate Court — Distribution — Next of Kin — Order of Notice.*

While in this case, which was an appeal from a decree of a Probate Court ordering distribution of a French Spoliation award under the Act of Congress of March 3, 1891, (26 U. S. Sts. at Large, 862, 908,) the court decided that an order of distribution, if passed on due proceedings, would be a protection to the administrator, it also said that before ordering distribution further notice to the next of kin and all others interested in the estate of the original claimant should be given, in a form to be approved by a justice of this court, and returnable into this court.

APPEAL, by the guardian *ad litem* of possible lineal next of kin who are unascertained of Paul Gardner, late of Nantucket from a decree of the Probate Court ordering distribution of a French Spoliation award made by the Congress of the United States to the administrator of the estate of said Gardner.

The appeal was reserved by *Field*, C. J., for the consideration of the full court, on the agreed statement of facts, the petition to the Probate Court for the decree of distribution, the order of notice thereon, and the service thereof and the decree thereon, such decree to be entered as justice might require.

The following facts were agreed.

The fund to be distributed was the proceeds of an award on account of French Spoliations, under the Act of Congress of March 3, 1891, (26 U. S. Sts. at Large, 862, 908,) being for a captured ship of which Paul Gardner was part owner, and the next of kin of the said Paul Gardner were entitled to the distribution. Paul Gardner died at Nantucket in the year 1835. His only child was a daughter, Lydia, who married one Seth Swift. Seth Swift and his wife Lydia had five children, and they all left Nantucket for Texas about the year 1832, but to what particular place in Texas was not known. Since then none of the family have returned to Nantucket, and no positive knowledge of them has ever come to their relatives or friends in Nantucket. There was a report not long after the departure of the family of the marriage of one of the daughters, but now for a period of more than fifty years no knowledge of the family or reports concerning them have reached their relatives or friends here.

In the year 1896 notice was ordered by the Superior Court, under proceedings in that court for the distribution prior to the decision of the case of *Sargent* v. *Sargent*, and was published by this administrator in The Statesman, a newspaper published in Austin, the capital of Texas, for six consecutive weeks, for the next of kin of Paul Gardner, giving information of this French Spoliation award, but no response was elicited.* Paul Gardner's claim on the government on account of French Spo-

---

* These proceedings in the Superior Court were discontinued after the decision in *Sargent* v. *Sargent*, 168 Mass. 420.

liations was well known to his family and friends, and was valued in the inventory filed by his administrator at five thousand dollars. The persons to whom distribution is now ordered are descendants of a brother of the said Paul Gardner, and they are entitled to receive the fund in the absence of any lineal descendant.

Notice of the petition for distribution was ordered by the Probate Court, and published as ordered. If the Probate Court had authority to make this decree of distribution, and its decree shall be a protection to the administrator in case there should prove to be lineal descendants of Paul Gardner, then the decree of the Probate Court is to be affirmed ; otherwise, the case is to be remitted to the Probate Court for such proceedings as this court may direct.

*C. S. Knowles, pro se.*

*F. B. Kendall,* for collateral next of kin.

ALLEN, J. The first question before us is whether a decree of distribution will protect the administrator. It was held in *Sargent* v. *Sargent,* 168 Mass. 420, that it is competent for the Probate Court to entertain jurisdiction of the settlement of the accounts of an administrator appointed for the sole purpose of collecting and receiving assets like those in the hands of the administrator in the present case ; at least when he has not been called to account by other judicial proceedings instituted before the jurisdiction of the Probate Court for this purpose is sought. The settlement of the accounts of an administrator by implication includes the passing of an order for the distribution of the funds in his hands. Such order of distribution, therefore, if passed on due proceedings, will be a protection to the administrator. *Loring* v. *Steineman,* 1 Met. 204. *Pierce* v. *Prescott,* 128 Mass. 140, 144. *Cathaway* v. *Bowles,* 136 Mass. 54.

There is no statute which prescribes what notice shall be given before making a decree of distribution. It is therefore left for the court in its discretion to determine what notice ought to be given. *Loring* v. *Steineman,* 1 Met. 204. The appeal brings before us the question whether reasonable notice was given in the present case ; and this court may pass such decree as the Probate Court ought to have passed, and may remit the case for further proceedings, or take any other order therein, as

law and justice may require. Pub. Sts. c. 156, § 17. Upon consideration, it seems to us that further notice ought to be given before approving the decree of distribution. To be sure, a notice by publication in a newspaper in Texas was given in former proceedings in the Superior Court in respect to the distribution of this same fund. But even that notice, which apparently reached none of the descendants of Paul Gardner, was not in form such a notice as we think should be given, in view of all the circumstances. The new notice issued by the Probate Court in the present case, if taken by itself alone, was obviously unlikely to reach any such descendants. A further notice should therefore be given, in a form to be approved by a justice of this court, and returnable into this court.                    *So ordered.*