[S. F. No. 730. Department Two.—March 29, 1898.]

In the Matter of the Estate of AMELIA MARIE KENNEDY, Deceased. ALFRED CHAIGNEAU, Executor, Appellant, v. R. McCOLGAN et al., Respondents.

ESTATES OF DECEASED PERSONS—ACCOUNTS OF EXECUTOR—LIABILITY FOR NEGLIGENCE.—An executor is chargeable not only with the assets of the estate which come into his possession, but also with those which by negligence he has failed to collect, and which it was his duty to have taken into his possession.

ID.—SALE OF REALTY—TENANCY IN COMMON—SETTLEMENT OF TRUST ESTATE. Where real estate in which the estate of a deceased widow and trustees of the children held undivided interests was sold under separate orders of the court, one of which was obtained by the executor, and the other was made in an action to terminate and settle the trust, to which the executor was not a party, it was the duty of the executor to have received and taken the share of the purchase money belonging to the estate, and the court having charge of the settlement of the trust had no power to make disposition of any other moneys than those belonging to the trust estate, and a void order of such court directing that the whole of the moneys received from the sale should be applied in cancellation of charges against the trust estate, could neither bind nor protect the executor, and he is justly chargeable in his accounts with the moneys belonging to the estate of the deceased widow which it was his duty to secure.

ID.—AUTHORIZED EXPENDITURE—ESTOPPEL—STIPULATION—ADVANCE TO DISTRIBUTEE.—Treating the money paid on account of the sale of the interest of the deceased widow by the executor as having been received and expended by him, an express authorization of its expenditure by parties in interest who were *sui juris* would have protected him against any future demand upon their part, though the outlay may have been irregular, and not in the line of his duty, and any such party would be estopped from contesting an outlay to his advantage which he had induced and sanctioned; and the effect of a stipulation by a party for whose benefit the trust was created who had become *sui juris*, consenting to the order for payment of the money to cancel charges against the trust estate, was to entitle the executor to a credit of the amount of the disbursement authorized by him, which was in effect an advance made by the executor to him and chargeable to his distributive share of the estate.

ID.—STIPULATION AFTER TRANSFER OF INTEREST.—A stipulation signed on behalf of a party who had previously sold and transferred all interest in the estate, the transfer of which was on file with the papers in the estate, could confer no authority upon the executor to disburse the moneys belonging to such interest; and notice to the executor of such transfer is immaterial, he being neither accountable because of notice, nor excusable for the lack of it, but, as against the trans-

feree, the irregular disbursement of the funds of the estate was made at the peril of the executor.

ID.—GUARDIAN AD LITEM.—A guardian *ad litem* appointed in an action for the settlement of a trust has no authority to bind the infant by stipulation in regard to the expenditure of money coming from a totally distinct source.

ID.—DECREE SETTLING TRUST—LIEN.—A decree in an action to close and settle a trust, making certain allowed charges a lien upon all the land mentioned in the decree, can only be construed as making the charges a lien upon the undivided interest in such land which was the subject of the trust; and an independent interest of the widow in such land as a tenant in common was not and could not have been affected by the decree.

ID.—PRACTICE—OBJECTIONS TO ACCOUNT.—The court may listen to objections to the account of an executor in advance of the filing of written objections thereto. The mode of presenting the objections is within the discretion of the judge.

APPEAL from an order of the Superior Court of the City and County of San Francisco surcharging the final account of an executor. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

John J. Roche, and Cormac & Donohoe, for Appellant.

W. H. Linforth, W. T. Baggett, and Lucius L. Solomons, for Respondents.

HENSHAW, J.—This is an appeal by the executor from the order of court surcharging his final account with the sum of $4,500.

Stripped to its essential facts the case is this: Edward Kennedy was the husband of Amelia Marie, and the father of Edward T. and Frederick E. Dying, he left one-half of his estate to his widow and one-half to trustees for his children. The larger portion in value of the estate consisted of real property, which was distributed in undivided interests, one-half to the widow and one-half to the trustees. The lands have never been partitioned in severalty, nor the interests segregated, saving that when he attained his majority there was conveyed to Edward T., as an undivided interest, his one-half of the trust property.

In time Amelia Marie, widow and mother, died, and the two sons named became entitled to their mother's estate. They each

owned then one-half of the trust property, and one-half of the property left by their mother. Edward T. attained his majority, married, and died intestate, leaving as sole heirs at law his widow Ida, and a minor child, Edna. Thereafter Frederick E., having reached the age of twenty-one, an action was brought by the trustees to settle the affairs of the trust and distribute its property. Ida and Edna, the widow and child, were made parties, a guardian *ad litem* having been nominated to represent the latter.

The court stated the account, and charged the trust with large sums of money. There being no funds in the trust, these charges were made a lien upon its lands, which were ordered sold in sufficient amount to discharge them.

To meet these obligations there was sold for $9,000 a piece of realty, the title to which stood in undivided interests as follows: one-half in the estate of Amelia Marie Kennedy, one-fourth in the trust, and one-fourth in the estate of Edward T. Kennedy. Leave of court was obtained by this appellant, as executor of Amelia Marie Kennedy's estate, to sell its one-half, and the sale was made for $4,500, and confirmed. Like leave and confirmation were secured by the administrator of Edward T. Kennedy's estate. The purchaser received the separate deeds at one time and paid over the money in gross.

Of this money $4,500, of course, should have gone into the estate of Amelia Marie Kennedy, $2,250 to the estate of Edward T. Kennedy, and $2,250 to the trust. Instead, however, the parties to that action agreed and bound themselves by stipulation (so far as the signatures of their respective attorneys at law could bind them) to devote the $9,000 to the cancellation of the charges against the trust.

. In due course the court (whose attention doubtless was not directed to the fact that it was disposing of moneys not belonging to the trust, and in particular of the moneys of a minor coming from a source independent of the trust) made its order in accordance with the stipulation.

The charges were thus paid, and the remaining money, amounting to $1,975, was, according to the stipulation, paid over to the trustees for distribution under the terms of the trust.

To all this Alfred Chaigneau, the executor, was not a party. But he was conversant with the proceedings and acquiesced in

the disposition which was made of the money of the estate he represented.

In his final accounting the executor stated the facts connected with the sale, the stipulation and the order of the court disposing of the funds, and declined to charge himself with the $4,500, or, what amounted to the same thing, insisted that, if charged with this item, he should be credited with the full amount as having been disbursed under the stipulation and order of the court in the equity proceedings.

Objection to the account was made by R. McColgan. He, by conveyance and assignment from Edward T. Kennedy's widow, Ida, had become the owner of all her interest as heir at law of her husband in the estate of Amelia Marie Kennedy. This assignment was executed and filed in the estate of Amelia Marie long before the stipulation and order pursuant to it were made in the action to close the trust. Thus, at the time Ida by her attorney signed the stipulation, she had parted with her interest in the estate of her mother in law.

Upon this showing the probate court surcharged the executor's account with the sum of $4,500, and allowed no credit for its disbursement.

The appellant first attacks the finding that he received the $4,500. Under the facts it was his duty to have taken it, and he was chargeable with its receipt unless excused by the stipulation and the order. For an executor is chargeable not only with the assets which come into his possession, but also with those which by negligence he has failed to collect. (*Wheeler v. Bolton*, 92 Cal. 159.)

The order can afford him no protection. The court had no power to make disposition of any moneys other than those belonging to the trust. It doubtless would not have attempted so to do had it been in full possession of the facts. The executor was not even a party to that suit, and consequently the order in no event could have been binding upon him, or the property of the estate which it was his duty to secure and preserve. He cannot then find justification in the order.

What protection does the stipulation afford him? If the expenditure of the $4,500 (for it must be treated as money received and expended) had been expressly authorized by all the parties

in interest, and they were *sui juris*, the executor would have been protected against any future demand upon their part. And this even if the outlay had been irregular and not strictly in line with his duty. For under equitable principles they would have been estopped from contesting the outlay which was to their advantage, and which they had both induced and sanctioned. (*Poole v. Munday*, 103 Mass. 174; *Perry v. Wooton*, 5 Humph. 524.)

Under this principle the disbursement authorized by Frederick E. should be credited to the executor. It was in effect an advance made by the executor to him and chargeable to his distributive share of the estate.

The same could be said of the disbursement on behalf of the widow, Ida, if at the time it was authorized and made she had owned an interest in the estate. But she did not. She had sold it long before, and the transfer of her interest was on file with the papers in the estate. But it is said that the executor was not chargeable with notice of the transfer, because, though filed, it had not been recorded. He is not accountable because of notice; nor excusable for lack of it. The matter of notice has no pertinency. He was making an irregular disbursement of the funds of the estate, and he did so at his peril. If the person at whose instance they were expended had an interest in the estate, the amount might be charged against that interest. If she did not, then the executor must stand the consequences. He can, therefore, receive no credit for the disbursement of one-fourth of the $4,500 upon the authorization of Ida, who was a stranger in interest to the estate of Amelia Marie. .

The authorization for the disbursement of the remaining one-fourth is found in the signature of the guardian *ad litem* to the stipulation. Whatever may have been that guardian's powers to bind the infant and her property in the matter of the litigation attending the closing of the trust in which alone he represented her, it certainly needs no argument to show that he had absolutely no power to authorize the expenditure of her money coming from a totally distinct source. As it is, the unfortunate executor stands in the position of a mere volunteer in the payment of another's debt.

It is finally argued that in the action to close the trust the

court made the allowed charges a "lien upon all the land mentioned in the decree," and that the decree mentioned all the lands belonging to Amelia Marie Kennedy's estate, since they were originally owned in equal undivided interests by the estate and by the trust. Thus the conclusion is drawn that the executor was justified in paying out the money to relieve the lands of the estate of Amelia Marie Kennedy from the lien so decreed. It seems hardly necessary to say that the lien was created against and could only have attached to that interest and estate in the lands which belonged to the trust; and that the interest of the estate of Amelia Marie Kennedy was not and could not have been affected by the decree.

It was not improper for the court to listen to objections to the executor's account in advance of the filing of written objections. The mode was within the discretion of the judge. (*In re Sanderson,* 74 Cal. 199.)

Therefore, against the sum of $4,500 surcharged, the executor should be allowed credit for $2,250 paid as an advance to Frederick E. Kennedy, and chargeable against his distributive portion of the estate.

Let the order settling the final account be modified accordingly, and let the executor be allowed from the estate his costs on this appeal.

Temple, J., and McFarland, J., concurred.

Hearing in Bank denied.