## JOHN S. WILKINS v. TRUMAN R. STILES, ET AL.

### October Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, WATSON and
STAFFORD, JJ.

### Opinion filed August 28, 1902.

*Prohibition—Judgment of a justice of the peace—Form and
nature of—Jurisdiction.*

The judgment of a justice of the peace, rendered after he has received
and considered evidence in support of the plaintiff's claim, is
necessarily a judgment on the merits, whatever its form and upon
whatever motion it is given.

That the matters in issue in an action before a justice of the peace
are *res judicata* does not deprive the justice of jurisdiction, so
that prohibition will lie to restrain further proceedings under an
erroneous judgment therein.

*Bullard* v. *Thorp*, 66 Vt. 599, distinguished.

PETITION FOR WRIT OF PROHIBITION.    Heard on pleadings
and testimony at the October Term, 1901, of this court, sitting
for the County of Chittenden.    Writ denied.

*May & Simonds* for the relator.

Ever since *Smith* v. *Crane*, 12 Vt. 487, it has been under-
stood that a justice has no power to enter a non-suit, (unless
the statute expressly gives it), unless the party consents.  Even
the county court cannot compel a plaintiff to submit to a non-
suit simply because his evidence appears to be insufficient.
*French* v. *Smith*, 4 Vt. 663.    In this case the justice found
that the evidence was not sufficient; this clearly gave the plain-
tiff in the suit no right to claim a non-suit.    If there is any
doubt about what the record means, the law presumes the cause
was heard upon its merits.    32 Vt. 678.

See also *Washburn* v. *Allen,* 77 Me. 344; 6 Am. & Eng. Pl. & Pr. 841; Herman on Estp. s. 243.

The second suit brought before Justice Worcester was absolutely barred, and the justice had no jurisdiction. 66 Vt. 599; 16 Am. & Eng. Pl. & Pr. 1133.

*G. C. Frye* for the respondents.

The justice in the first suit did not decide the case upon the merits, as his record shows. The defendant did not ask for a judgment, but made a motion that the suit be dismissed; and the justice dismissed the suit in accordance with the motion. The second suit was heard upon its merits, and the judgment cannot be reversed or interfered with. V. S. 1045; *Perry* v. *Morse,* 57 Vt. 509.

A writ of prohibition will not be granted where the inferior court has jurisdiction. Nor will the writ be allowed to take the place of an appeal, or to review the proceedings of an inferior court having jurisdiction. High's Ex. Leg. Rem., Chap. 21.

Even if there was error in rendering judgment for the plaintiffs in the second suit, it is no part of a writ of prohibition to prevent or correct errors in questions of which the court has cognizance and jurisdiction. *Perry* v. *Morse,* 57 Vt. 509; *Bullard* v. *Thorp,* 66 Vt. 599.

MUNSON, J. The relator seeks to prohibit further proceedings in an action wherein judgment was rendered against him by Albert Worcester, a justice of the peace. He concedes that if Justice Worcester had jurisdiction over the claim or matter in suit at the time this judgment was rendered, his petition will not lie. But he claims that the jurisdiction which Justice Worcester would otherwise have had was taken away by proceedings previously had before David Frechette, another

justice of the peace.    His claim, more specifically stated, is that the matter of the suit had been fully settled in the case decided by Justice Frechette; that the plaintiffs split their claim in bringing these suits; and that this was done to deprive the county court of its appellate jurisdiction.

Both actions were suits in trover for the conversion of the same two mileage books.    The minute made by Justice Frechette upon the writ, after noting appearances, was as follows: "As the evidence in the case did not show to what degree the defendant damaged the plaintiff, and no malicious intent from the defendant, therefore the court adjudged that the case be dismissed, and that the defendant recover his costs."    The relator insisted in the suit before Justice Worcester that the judgment in the first suit was a bar to that action, and plaintiffs' counsel then produced the record of that judgment as finally made up by Justice Frechette.    This showed that the defendant moved "that the plaintiffs become non-suited and the case be dismissed because the plaintiffs had not put in sufficient evidence as to the distance which the defendant was entitled to go upon said mileages whereby the court could assess damages," and that after hearing the arguments upon this motion the justice found that the evidence did not show to what degree the defendant damaged the plaintiffs, and that plaintiffs should therefore become non-suited and the case be dismissed and the defendant recover his costs.    Justice Worcester held upon inspection of this record that the prior judgment did not bar the proceedings before him, and rendered judgment for the plaintiffs.

The judgment rendered by Justice Frechette, although called in his record a judgment of non-suit, is shown by that record to have been in fact a judgment upon the merits, and Justice Worcester erred in holding the contrary.    It appeared from the record that evidence in support of the plaintiffs' claim

was introduced, and that the justice considered it, and gave judgment for the defendant because of its inadequacy. A justice judgment rendered upon such proceedings is necessarily a judgment on the merits, whatever its form, and upon whatever motion it is given.   *Smith* v. *Crane,* 12 Vt. 487.

This brings us to the question whether Justice Worcester exceeded his jurisdiction in giving judgment for the plaintiffs in disregard of this prior adjudication.   The case was certainly within his jurisdiction in the sense in which the subject is treated in *Perry* v. *Morse,* 57 Vt. 509; that is, he had jurisdiction of claims in trover to the required amount, and of the process before him, and of the parties named in it.   It was also within his jurisdiction to construe the record of the former judgment when offered in evidence, and give it effect in reaching his decision.   But he was led by a misconstruction of this record to give judgment upon a matter that had been previously adjudicated, and it is claimed that in rendering the judgment he acted without jurisdiction.

The general rule is that when a court has jurisdiction of the subject matter and the parties, the writ of prohibition is not available for the correction of its erroneous decisions.   But when the erroneous decision is one which operates as an unlawful assumption of jurisdiction, prohibition may be had, as appears from *Bullard* v. *Thorpe,* 66 Vt. 599.   So the question for decision is whether the error of law committed by Justice Worcester carried him beyond his jurisdiction.

In delivering the opinion in *Bullard* v. *Thorpe,* Judge Taft reviewed the decisions of different jurisdictions, many of which may seem from the brief statements there made to support the relator's contention, and some of which undoubtedly do support it.   But near the close of the opinion, Judge Taft reminds the reader that this review was largely by way of illustration,

and that the case must not be taken as authority for anything beyond the exact point decided.

The general rule above stated is distinctly recognized in *Bullard* v. *Thorpe,* and one of the cases cited in that connection is *Toft* v. *Rayner,* 5 M. G. & S., 162, which is exactly in point here. The defendant was summoned before the county court in Cambridgeshire in an action for goods sold and delivered, and it appeared that the plaintiff had already recovered judgment against him in an action for the same debt in the borough court of Cambridge, and that his goods had been seized and sold upon that judgment. The plaintiff recovered notwithstanding this, and the defendant sought to prohibit further proceedings, on the ground that, the matter being *res judicata,* the county court had no jurisdiction. The relator's counsel was asked how it could be said that the county court had no jurisdiction, and replied exactly in the line of the present argument, that it had jurisdiction of the matter at first, but that that jurisdiction ceased when the former judgment was shown. But the court said that the ground of the application was neither more nor less than that the county court, in deciding what it was competent for it to decide, made a mistake in point of law; and the writ was thereupon denied.

It is certain that the matter now complained of was not jurisdictional. The decision was not one by which the justice took unlawful cognizance of the subject matter or the parties. His jurisdiction of both was complete, and continued notwithstanding the record of the former suit. The production of that record merely raised a question incidental to the trial of his case. His erroneous decision of that question to the injury of the relator was a misfortune to which all suitors are liable in cases where no appeal is allowed to a higher court. The extension of the remedy of prohibition to such cases would lead to a review by this court of all unappealable cases where ignor-

ance of our decisions had led to the rendition of improper judgments:

This case is clearly distinguishable from *Bullard* v. *Thorpe*. There was in each case an erroneous disposition of a matter which the court had authority to determine; in one a disregard of the doctrine of *res judicata*, in the other a refusal to recognize the entirety of the claim. But the first was a decision which had no jurisdictional consequences; while the second gave the justice a final jurisdiction to which he was not entitled. The legislature has denied litigants the remedy of appeal when the matter in demand does not exceed twenty dollars, but has given them the remedy when the matter in demand exceeds that amount; and they cannot be deprived of this right by splitting an entire claim into sums below the statutory limit. The writ of prohibition was held available to prevent this—not because the decision was erroneous, but because the court thereby assumed an exclusive jurisdiction to which it was not entitled. The decision now complained of was equally erroneous, but it worked no infringement of jurisdictional limits.

It is not necessary to examine the evidence upon which it is claimed in argument that this case presents a splitting of the claim that affected the final jurisdiction. The petition does not in terms allege, nor set forth facts which indicate, that there was a splitting of the claim, and that matter cannot be treated as in issue.

*Petition dismissed with costs.*