GEORGE MILLIGAN, ADMR. *v.* ARTHUR CLOGSTON. ˙

May Term, 1927.

Present: WATSON, C. J., POWERS, SLACK, FISH, and MOULTON, JJ.

Opinion filed October 5, 1927.

*Negligence—Condition of Lights of Automobile—View of Evidence on Motion for Directed Verdict—Contributory Negligence—Jury Question—Necessity of Confining Jury To Consideration of Issues in Case—How Issues Are Formed.*

1. In action of tort for death of plaintiff's intestate from injuries sustained in automobile collision, where negligence alleged was driving at excessive speed, failure to keep proper lookout, and failure to have automobile under control, evidence as to condition of lights on defendant's automobile, *held* admissible on issues presented, although condition of lights was not made a ground for recovery by declaration.

2. On defendant's motion for a directed verdict, evidence is to be viewed in the light most favorable for the plaintiff.

3. In action of tort for death of plaintiff's intestate from injuries received in automobile collision, evidence *held* to make question of contributory negligence of deceased for jury.

4. Where negligence alleged in declaration consisted in driving at excessive speed, failure to keep proper lookout, and failure to have automobile under control, none of which grounds was called to jury's attention, but they were instructed that declaration was sufficient as matter of law and they need pay no attention to it, *held* that further instructions so worded as to permit them to consider other kinds of negligence by defendant were erroneous.

5. Cases are tried in court upon issues joined by parties, and it is error to submit to jury a basis of recovery outside of pleadings, but plaintiff must recover, if at all, on case made out by his complaint.

ACTION OF TORT for death of plaintiff's intestate from injuries sustained in automobile collision. Plea, general issue. Trial by jury at the December Term, 1926, Caledonia County,

*Chase*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion state the case. *Reversed and remanded.*

*Shields & Conant* for the defendant.

*Porter, Witters & Longmoore* for the plaintiff.

MOULTON, J.   This is an action in tort brought by the plaintiff as administrator of the estate of his son Donald Milligan to recover damages for the death of the latter due to injuries sustained in an automobile collision caused by the alleged negligence of the defendant.   The declaration alleged negligence in three respects:  Driving at an excessive speed, failing to keep a proper lookout, and failing to have the automobile under control. Trial was had by jury with verdict for the plaintiff and the case is here on exceptions by the defendant.

[1]   Subject to defendant's exception plaintiff was permitted to inquire of the defendant, on cross-examination, concerning the dimming of the lights on the latter's automobile just before the accident occurred.   The objection was that there was no allegation in the declaration concerning the lights or the defendant's management of his automobile, in that regard.   The evidence was received and the plaintiff given leave to amend his declaration if he wished; but his counsel stated that he did not desire to do so.

But although the condition of the lights was not made a ground of recovery by the declaration, yet it was for consideration by the jury in determining whether the defendant was guilty of any shortage of duty with regard to the speed or control of the automobile, or the vigilance to be exercised in looking ahead.   The evidence had a bearing upon the issues presented, and was properly received.   *Landry* v. *Hubert*, 100 Vt. 268, 137 Atl. 97, 99; *Dent, Admr.* v. *Bellows Falls, etc., St. Ry. Co.*, 95 Vt. 523, 532, 116 Atl. 83; *Gallagher* v. *Montpelier, & W. R. R. Co.*, 100 Vt. 299, 137 Atl. 207.

[2, 3]   At the close of all the evidence the defendant moved for a directed verdict for that it conclusively appeared that the plaintiff's intestate was guilty of contributory negligence, and that there was no evidence of negligence on the part of the defendant as alleged in the declaration.   The motion was over-

ruled, and the defendant excepted. No claim is made in the defendant's brief as to the latter of these two grounds. The argument is entirely directed to the issue of contributory negligence on the part of plaintiff's intestate, and so we consider this point alone. Upon this issue, the evidence, taking it, as we must, in the light most favorable for the plaintiff, tended to show the following facts: The plaintiff, his wife, and their son Donald, the intestate, were returning to their home in Barnet from a visit to the fair at White River Junction, and were proceeding northerly in a Ford car owned and driven by Donald. At about half past seven in the evening, it then being dark, and rain having recently ceased to fall, the lights of the automobile suddenly went out. The plaintiff and his intestate guided the car to the right side of the road and ran it into the grass until it stood very close to a wire fence parallel with the road. The right-hand wheels were in the grass but those upon the left side were standing within the traveled track of the highway, which was at that point twenty-seven and one-half feet wide and of good gravel surface. The plaintiff and his intestate then left the car and attempted to find their way to a nearby house for the purpose of obtaining light and assistance, but because of the darkness they were unable to do so and returned to the automobile. After their return an automobile driven by a Mr. Wilson approached them from the opposite direction and stopped, and Mr. Wilson started to assist the plaintiff's intestate in discovering the difficulty, using his own automobile lights for that purpose. While he was so engaged, the defendant's car appeared, coming in the same direction as that in which the plaintiff's car was headed. Mr. Wilson thereupon started his car and went on. As he passed the defendant, about fifty feet in the rear of the plaintiff's car, he shouted a warning, but the defendant did not understand it, and increased his speed, and collided with the rear of the plaintiff's car. The force of the collision pushed it forward and it struck the plaintiff's intestate who was standing in front where he had been working on the lights, and caused the injury from which he later died.

It is argued that the plaintiff's intestate was guilty of contributory negligence, as a matter of law, in leaving his automobile unlighted in the highway, when he might have placed it entirely out of danger, by bringing it to the driveway leading to a nearby house about one hundred feet away; in doing nothing

to warn the defendant of the presence of his automobile in the highway; and in remaining in front of the automobile, in a position from which he could not escape if there should be a collision. But, on the evidence, we think that this was a question for the jury, and that there was no error in overruling the motion.

In the charge to the jury the Court said:

"It has been said that the defendant was negligent because he drove his car under conditions which were such that he couldn't see where he was going. It is for you to so take into consideration everything he was shown to have done, everything, all of the circumstances, whether he was negligent or not, and if he was negligent, it doesn't matter wherein that negligence occurred, or of what it consisted, whether it be driving too fast or too slow, or driving one way or another, the question is, was he negligent. You keep in mind all of the evidence in that respect and decide it. If he was negligent it makes no difference * * * * *."

An exception was taken by defendant to the failure to limit the jury to the consideration of the issues made by the pleadings, because the charge permitted the jury to consider any kind of negligence, no matter what it might be, whether charged in the declaration or not.

[4, 5] We think this exception is well taken. As we have seen, the negligence alleged in the declaration consisted in driving at an excessive speed; failing to keep a proper lookout; and failing to have the automobile under control. An examination of the charge as a whole reveals that nowhere therein were these grounds called to the jury's attention. On the contrary, just before the language heretofore quoted, the court said:

"It has been said that the declaration contained certain things. I want to tell you that in so far as the declaration is concerned, as a matter of law, it is sufficient for the purposes of this case, and so far as you are concerned you will pay no attention to it."

Cases are tried in court upon the issues joined by the parties, and it is error to submit to the jury a basis of recovery outside of the pleadings. The plaintiff must recover, if at all, on the case made out by his complaint. *Brown* v. *Aitken et al.*, 90 Vt. 569, 575, 99 Atl. 265; *Dodge Bros.* v. *C. V. Ry. Co.*, 92 Vt. 454, 458, 104 Atl. 873; *Smith* v. *C. V. Ry. Co.*, 80 Vt. 208,

219, 67 Atl. 535; *Prouty* v. *Pellett & Skinner*, 96 Vt. 53, 58, 117 Atl. 373.

The plaintiff had introduced evidence that, as the defendant approached the point of the collision, he reduced the speed of his Ford car, which had the effect of automatically dimming the lights; and that this might have been avoided and the lights kept strong and bright by speeding the engine while the clutch was out. Many questions were asked of defendant, on cross-examination, the answers to which tended to show that the defendant could have seen the plaintiff's automobile and avoided the accident if his lights had been bright.

While the dimming of the lights was for consideration as bearing upon the issues made by the declaration, it was not made an independent ground of negligence, and would not authorize a recovery if none of the grounds alleged were established. *Landry* v. *Hubert*, 100 Vt. 268, 137 Atl. 97, 99. Yet, by the charge, the jury were at liberty so to regard it, because they were told that it did not matter wherein the negligence occurred or of what it consisted. This was error, and because of it the entry must be

*Judgment reversed and cause remanded.*

This case was originally assigned to Mr. Justice Fish. After his death, it was re-assigned to Mr. Justice Moulton.