Lawrence v. Englesby.

---

WILLIAM R. LAWRENCE v. LEVERETT B. ENGLESBY.

*Orders and Decrees of the Probate Court conclusive, when acting within their jurisdiction. Petition. Pleas in bar.*

The orders and decrees of the probate court, when acting within the sphere of their jurisdiction, are as conclusive as the orders and decrees of any other court acting within their jurisdiction; and the Supreme Court cannot, in a collateral manner, review the correctness or propriety of the decrees, or of any matter within the jurisdiction of the probate court.

And upon a petition for the removal of an administrator, for causes that existed to the same extent when the decree was made, as they did at the time the petition was brought,— the administrator pleads the decree of the probate court in bar to the petition, and on demurrer, it was held, that the plea was sufficient.

And also, upon those in interest having neglected and waived an appeal from the decree appointing the administrator, it was held, that the whole matter of the petition had become adjudicated, and all interested thereby concluded.

This was an

APPEAL from the Probate Court. The petition set forth, that one Mary Lawrence died at Burlington, on the 24th day of November, 1850, intestate, and leaving estate to be administered upon; that thirty days next after the death of the said Mary hath not yet elapsed; the petitioner, as matter of right, applies to the

said court, to be himself appointed administrator of the estate of the said Mary, deceased.

That one Leverett B. Englesby claims to be administrator of the said estate, and that he hath not been legally and properly appointed; that he is not one of the next of kin to said deceased, and that he hath not been recommended to such appointment by the next of kin.

That said Leverett B., is the son of Ebenezer T. Englesby, of said Burlington, who had in his possession and control, for many years past, as trustee of said deceased, a large amount of money, for which said Ebenezer T. Englesby should be called to an account.

That said Leverett B., hath himself, for some time past, been trustee or guardian of the said deceased, and hath had a large amount of money in his hands, for which he, the said Leverett B., ought to account, but hath not. Wherefore, the petition says that said Leverett B. is an improper person to be and have the administration of the estate of the said deceased, &c.

The defendant pleaded three several pleas in bar.

In the first plea, the defendant set forth that his appointment as administrator, was made at the request of Charles Mahoney, Ira E. Lawrence, and David Lawrence; three of the children, heirs, and next of kin of the said Mary, deceased, and that the said Mary had but four children at the time of her decease, and that no appeal was taken from the order of said probate court, so making such appointment of said Englesby administrator as aforesaid, by said William R. Lawrence, or any other person, &c.

The second plea set forth, that said William R. Lawrence has sold, transferred and assigned all claim, right, title and interest, which he, the said William R., had in and to the said estate, real, personal and mixed, to one John Patch, and that said Patch now claims the same, and has notified the said Englesby that he is owner, &c.

The third plea set forth, that said William R. Lawrence is entirely insolvent as to property, and is an unfit person to take charge and have the management of the said estate, &c.

To these pleas, the plaintiff demurred.

The county court, September term, 1851,— POLAND, J., pre-

siding,—adjudged the said pleas in bar, to be sufficient, and dismissed the petition with costs. Exceptions by the plaintiff.

*C. Russell* for plaintiff.

1. The petitioner was in law, entitled to the administration of the estate, as one of the next of kin to the intestate, he having made his application within thirty days next after the death of the intestate. Compiled Statutes of 1850, Chapter 50, Sec. 4.

2. The petitioner, to secure his statute rights, was not bound to take an appeal from the order of the probate court appointing the defendant administrator. Such appointment did not take away the petitioner's legal right to the administration of the estate of the deceased. And a grant of administration to the petitioner would of itself have vacated, or superseded the irregular and premature appointment of the defendant.

*L. B. Englesby* and *D. A. Smalley* for defendant.

1. There was no appeal from the order of the probate court appointing Englesby administrator, and therefore the appointment is conclusive; and if improper, can only be avoided, if at all, by appeal from the decree appointing. Compiled Statutes of 1850, Chap. 47, Sec. 28. 12 Mod. 618. *Harvard Coll.* v. *Amory,* 9 Pick. 446, 6 N. H. 116, and cases cited.

2. Englesby was appointed at the request of a majority of the next of kin; and whether suitable or not, was a matter in the discretion of the probate court, and cannot be enquired of here. The petition of the party is not to be regarded as evidence of the statements therein contained. The request of the majority of interests must govern. Toller on Ex. 89. 2 Kent Com. 410. *Taylor* v. *Delaney,* 2, C. C., 142.

The opinion of the court was delivered by

ISHAM, J. The demurrer in this case extends to the two first, and so much of the third plea in bar, as relates to the insolvency of the petitioner. Our attention, however, has been directed only to the first plea, as we entertain no doubt that the decree of the probate court therein set forth, is a bar to this petition.

This petition was not brought under that provision of our statutes authorizing the probate court to remove an administrator for

matters arising subsequent to the appointment; for no matter arising subsequent to that decree, is stated or alledged in this petition. The reasons for which the petitioner now asks the prayer of his petition to be granted, existed before that decree of the probate court was made, to the same extent they now exist; and were, or might have been, the subject of investigation. We cannot in this collateral manner, review the correctness or propriety of that decree, or of any matters within the jurisdiction of that court, involved therein. Whether Mr. Englesby was a proper person to be appointed administrator or not, and whether a request of the next of kin, short of the whole number, should have been regarded by that court as sufficient to warrant the appointment as made, were all questions properly arising and directly in issue before the probate court, and which that court had ample and full jurisdiction to adjudicate and determine; and that adjudication has become a matter of record. This petitioner, if entitled as one of the next of kin, to letters of administration, and all other persons interested in that estate, were parties to those proceedings, and had they felt aggrieved thereby, a right of appeal was given to each. Compiled Statutes, 324, Sec. 28. The decrees of probate courts are as conclusive as the orders and decrees of any other court, when acting within the sphere of their jurisdiction; and particularly are they conclusive upon those to whom the right of appeal is given, and when that right is not exercised. *Probate* v. *Fillmore*, 1 D. Chip. R. 420. *Sparhawk* v. *Buel*, 9 Vt. R. 41. *Bush* v. *Sheldon*, 1 Days, R. 170. *Brown* v. *Lanman*, 1 Con. R. 467.

If an appeal had been taken from that decree, the questions which the petitioner seeks to raise on this proceeding, could have been directly presented and considered; but cannot be in this collateral manner. Having neglected and waived an appeal from that decree, the whole matter of this petition has become adjudicated, and all interested are thereby concluded.

The judgment of the county court must be affirmed and duly certified.