# WASHINGTON COUNTY,

## AUGUST TERM, 1870.

[ CONTINUED FROM PAGE 684, VOL. 43.]

---

DEBORAH HATHAWAY *v.* ESTATE OF LOT HATHAWAY—HENRY HATHAWAY, APPELLANT.[*]

*Probate Court.   Husband and Wife.   Ante-Nuptial Contract.*

Under the statute, No. 66, Acts of 1864, the probate court may suffer a waiver of a jointure or other provision by settlement or will upon application by the widow made at any time before the settlement of the estate is closed.

APPEAL from the probate court for the district of Washington, setting dower and a homestead to Deborah Hathaway, out of the estate of Lot Hathaway, deceased.

Henry Hathaway, appellant, filed two special pleas in bar, the first setting up an ante-nuptial contract entered into between Lot Hathaway and said Deborah, prior to their intermarriage, and the second setting up a deed and release by said Deborah to said Henry of all her right, title and interest in and to the real estate and personal property of which said Lot died seized.   To the first of said pleas the appellee replied that she was not the first wife of the deceased, and that he left no issue by her, and that she had not a sufficient provision for her comfortable support, and that in the opinion of the probate court she had not a sufficient provision for her comfortable support during her life, and that the said probate court ordered her dower and a homestead set out to her,

---

* Heard, August term, 1870.

which was accordingly set out. To the second plea the appellant replied that said deed and release were obtained by fraud, menaces, threats and compulsion.

To the first two replications the appellant demurred, and appellee joined in demurrer, and on the replication to the second plea issue was joined to the country. Trial by the court by agreement, March term, 1870, PECK, J., presiding. Upon the demurrer the court held the replication good.

The appellee on trial gave testimony tending to prove the facts set up in her pleas.

It appeared that at the time the appellee executed the quit-claim deed and other paper referred to in the pleadings, the appellant executed to the appellee his note for the amount of the *ante-nuptial* contract and the $50 more that he agreed to give her, and soon after she executed the deed, he gave her notice to leave the house she was occupying, being the house she lived in at the time of her husband's decease, and she did leave, and about that time she handed said note to her brother to get the pay upon it, that being the only means of subsistence she had, and he thereupon did obtain payment on the note of said Henry.

Defendant introduced evidence tending to show that there was no fraud in the procurement of the deed.

The court found that the deed was obtained by such fraudulent representation as rendered it void, and that it ought to be set aside and held for naught; but the court decided that even if no deed had been executed, the appellee was barred of her dower by the statute, for the reason that she did not waive the provision made for her in the ante-nuptial contract within eight months after letters of administration, granted according to ch. 55, §§ 5 and 6, Gen. Stats., so that for the above reason she is not entitled to dower, whether the deed is valid or not. And as to the right of the appellee to a homestead out of the estate of the intestate, the court *pro forma* ruled that she is barred of her right to homestead for the same reason that she is barred of dower. The court therefore, solely upon the ground above stated, reversed the decree of the probate court giving to the appellee homestead and dower, and

decided that the petition of the appellee be dismissed without costs, to which the appellee excepted.

*Randall & Durant*, for the appellee.

*Redfield & Gleason*, for the appellant.

The opinion of the court was delivered by

STEELE, J.　The pleadings in this case terminated in three, and only three, issues.　Two of these issues concluded to the court, and one concluded to the country.　All these issues were found and decided in favor of the plaintiff, and yet judgment was rendered for the defendant.　This result, which is apparently irregular, was reached solely upon the ground, as stated in the exceptions, that the widow was barred of the dower and homestead by the statute, " for the reason that she did not waive the provisions made for her in the ante-nuptial contract within eight months after letters of administration, granted according to chap. 55, §§ 5–6, General Statutes."　This is erroneous, independent of any consideration that it is a point outside the issues made by the pleadings, because the sections of the General Statutes are modified by the statute No. 66, acts of 1864, which provides that the probate court may, in their discretion, extend the time in which widows shall make their election, from time to time during the settlement of any estate, as the exigencies thereof may seem to require.

Under the practical and liberal interpretation which this statute has received in the probate courts, and as we hold should receive, it is not necessary that the widow should petition for an extension of time within the eight months.　It is in the power of the probate court to suffer a waiver of a jointure, or other provision by settlement or will, upon application made at any time before the settlement of the estate is closed.　What steps have been taken in this direction in the probate court is left uncertain, except so far as they may be inferred from the fact that the defendant demurs to, and therefore, technically, admits the statement in the plaintiff's replication that the probate court had jurisdiction and authority in the premises.　Some of the facts detailed tend to

show that the widow has accepted the provision made for her in the ante-nuptial agreement, and other facts tend to show that whatever acceptance there has been was made under such circumstances as not to prejudice any right of waiver if such right ever existed.

We all think it very clear that this judgment is erroneous, and should be reversed, but we have had considerable difficulty in determining whether it is the duty of this court to render judgment the other way, or to remand the cause for a new trial. Usually when the facts are found and detailed by the court, if judgment is reversed, such a judgment is rendered in this court as the facts require; but in this case, in view of the uncertainty as to what steps were taken in the courts below, and as to what the actual state of the facts is, in respect to some questions which the county court might have considered, and reported more fully if this recent statute had been called to their notice, we deem it best to remand the case for a new trial.

Judgment reversed and cause remanded.