### ALBERT SOWLES *v.* CHARLES QUINN.

*Estates of Deceased Persons.　Commissioners.　Judgment on their Report.*

When commissioners appointed by the Probate Court to allow claims against the estates of deceased persons return their report to the court within less than six months from the issuing of the commission, that fact will not of itself render the doings of the commissioners void, but if the report be accepted by the court and judgment rendered thereon, such judgment will be conclusive.

This was an action of debt on judgment, and was heard at the September Term 1888, Taft, J., presiding, on the demurrer of the plaintiff to the second and third pleas of the defendant. The issues presented by the demurrer appear in the opinion. The demurrer was sustained, and the defendant excepted.

*H. C. Adams* and *Guy C. Noble*, for the defendant.

The provision that commissioners shall allow six months for the prosecution of claims is mandatory. They must proceed according to the statute creating their board, or their acts are invalid. *Walters* v. *Stockwell*, 9 Vt. 9; *Lowrey* v. *Stevens*, 6 Vt. 116; *Barrett* v. *Crane*, 16 Vt. 246; *Bond* v. *Wilder*, 16 Vt. 393; *Hendrick* v. *Cleveland*, 2 Vt. 329; *Lessee of Grignon* v. *Astor*, 2 How. 319; *Probate Court* v. *Winch*, 57 Vt. 282.

The Probate Court had no authority to accept the report at the time. It was a court of limited jurisdiction, and having de-

Sowles *v.* Quinn.

parted from the prescribed limits it had no jurisdiction. *Peters* v. *Peters*, 8 Cush. 529 ; Marshalsea Case, 10 Coke, 76 ; 2 Cal. 173 ; *Emerson* v. *Reading*, 14 Vt. 279 ; *Lowrey* v. *Stevens*, 6 Vt. 121; *Adams* v. *Whitcomb*, 46 Vt. 714; *Aiken* v. *Richardson*, 15 Vt. 500.

*Cross & Start*, for the plaintiff.

The commissioners had full jurisdiction of the claims. The fact that they returned their report before the expiration of the six months does not affect that jurisdiction, nor the jurisdiction of the Probate Court to accept the report. If the defendant was deprived of his right of appeal, he has his remedy under the statute. *Hodges' Ex.* v. *Thatcher et al.*, 23 Vt. 455 ; R. L. s. 2194.

The judgments cannot be attacked collaterally. *Sparhawk et al.* v. *Buell et al.*, 9 Vt. 41 ; *Lawrence* v. *Englesby*, 24 Vt. 42.

The opinion of the court was delivered by

TYLER, J. The plaintiff declares upon a judgment in his favor for the sum of $2,555.67, rendered by the Probate Court for the District of Franklin, against James Quinn's estate, upon the allowance and report of commissioners thereon, and upon the order of said court to the defendant, as executor, to pay said judgment, there being sufficient assets of said estate in his hands to pay the same.

The material allegations in the defendant's pleas are that the commissioners on said estate returned their report, that the Probate Court accepted and approved the same before the expiration of the six months limited by the order appointing the commissioners within which time creditors might present their claims, and that this was done without defendant's consent or knowledge.

Section 2121 of the Revised Laws provides that the Probate Court shall allow such time as the circumstances of the case require for creditors to present their claims, which, in the first instance, shall not be less than six months.

Section 2123 provides that at the expiration of the time limited, or as soon thereafter as they are able to complete the hearing of the claims, the commissioners shall make report of their doings to the Probate Court.

The power to decide upon the allowance or disallowance of claims against an estate rests wholly with the commissioners, whose decision is conclusive unless appealed from, though their decision does not become a perfected judgment in contemplation of law until returned to and accepted by the Probate Court. *Hodges* v. *Thacher*, 23 Vt. 455.

The question presented by the demurrer to the plea is whether the return of the report twenty-one days before the expiration of the six months invalidated the decision of the commissioners and the judgment thereon of the court.

It is claimed by the defendant that the statute is mandatory, and that, as the Probate Court is a court of special and limited jurisdiction, a violation of the requirement of the statute renders its proceedings absolutely void.

It is true that Probate Courts are not governed by rules of the common law, but have such powers only as are conferred on them by statute, and that their proceedings are void unless in substantial compliance with the statute. This is illustrated by the cases cited by defendant's counsel. In *Hendrick* v. *Cleveland*, 2 Vt. 329, the Judge of Probate decreed to a widow one-half of her husband's estate in fee when she was by law entitled only to the use of one-third thereof for life. In *Hunt* v. *Hapgood*, 4 Mass. 117, the court assigned lands, after the widow's term of dower in them had ceased, to one of the next of kin, to the exclusion of the others. In *Probate Court* v. *Winch*, 57 Vt. 282, the court in distributing the estate of a deceased husband included money derived from the sale of the homestead right owned by the widow, whose death was subsequent to that of her husband, and whose estate was administered; in which cases the decrees of the Probate Court were held void for want of jurisdiction. In this case, however, the jurisdiction of the court was

complete, its issuance of the commission was in strict compliance with the statute, the commissioners had full authority to receive, examine and adjust the claims and demands of all persons against the estate, and their action in returning their report and the acceptance thereof by the court cannot be regarded as such a departure from the statute as to render the whole proceedings a nullity. Had the commissioners, at the end of *three* months, in the belief that all claims had been presented, returned their report, and it had been accepted, if no further claims appeared, it would be unreasonable and unjust to hold that their decision and the judgment of the court thereon were void, no creditor being harmed by such premature action. If other creditors appeared, the fact that such action had been taken would not bar the allowance of their claims, for the law gives all creditors six months in which to present their claims, and have them adjudicated. In that case, the acceptance of the report and judgment thereon would only be *pro tanto*, and it would be the plain duty of the court to recommit the commission and direct a further hearing by the commissioners; but the judgment rendered, unless appealed from, would be final and conclusive as to such claims as had been allowed. *Hodges* v. *Thacher, supra.*

If the defendant's view of the law were correct, it would follow that creditors, who are frequently non-residents, could place no reliance upon the decision of the commissioners allowing their claims, the validity of such decision being dependent upon the report not being returned until the full term of six months had elapsed. See *Dickey* v. *Corliss, Admr.*, 41 Vt. 127, in which the reasoning of the court is opposed to this view.

The rule applicable to procedure in courts of limited jurisdiction is correctly stated in the brief of defendant's counsel, but we find no occasion to apply it in its strictness to the case at bar. Hearings upon claims of creditors are often long and expensive, and to hold that, if through inadvertence or intention, commissioners should return their reports a few days before the end of the six months, their allowance of claims would be invalid and

Sowles *v.* Quinn.

their entire work void, would be more likely to do injustice than justice. Such premature return could not harm creditors who had presented their claims, and those who had not could not be prevented from presenting theirs within the time allowed by law.

The decrees of Probate Courts are as conclusive as the orders and decrees of any other courts, when acting within the sphere of their jurisdiction, and particularly are they conclusive upon those to whom the right of appeal is given when that right is not exercised, moreover the validity of such decrees cannot be attacked collaterally. *Lawrence v. Englesby,* 24 Vt. 42, and cases cited.

*The judgment of the County Court is affirmed.*