JOHN PALMATEER ET AL., PLAINTIFFS IN ERROR, v. GEORGE N. ROBINSON, DEFENDANT IN ERROR.

Robinson made a contract in writing to sell machinery of which he was the owner to the New Jersey Mill and Lumber Company. It was therein agreed that the title to the machinery should remain in the vendor until full payment of the purchase price, and that it should not become real estate, although affixed to land, but should remain personal property until paid for. The company affixed the machinery to land belonging to John and Amos Palmateer which it was in possession of under a contract to purchase. The company having failed to perform that contract, the Palmateers took possession of the land to which the machinery was affixed. Robinson (the company having failed to pay for the machinery) brought an action of trover against the Palmateers therefor. *Held*—

1. That, if the machinery had been affixed to land to which the company had title, it would have retained its character of personal property as between Robinson and the company. *Quære.* As to its character if the company had mortgaged or conveyed the land to one who had no notice of the contract between Robinson and the company.

2. The Palmateers, by retaking possession of the land, acquired no right to the machinery as against Robinson, but occupied in respect to it the same relation which the company had occupied.

On error to the Supreme Court.

This was an action of trover brought in the Monmouth Pleas, by George N. Robinson, to recover damages for the conversion of certain machinery by John and Amos Palmateer.

The bills of exception disclose that Robinson, then the owner of the machinery, on October 4th, 1893, contracted to sell it to the New Jersey Mill and Lumber Company, of Long Branch. The contract was in writing, and it was thereby expressly agreed between the contracting parties that the title to the machinery should remain in the vendor until the full payment of the purchase price, and that it should not become or be taken to be real estate or appurtenances to real estate although fixed to land, but should remain personal property until fully paid for.

The machinery was affixed to land by the vendee and a building was erected over it, but it could be removed without injury to any other buildings and with trifling injury to the building erected over it.

The land to which the building was affixed belonged to the Palmateers. The New Jersey Mill and Lumber Company had no title thereto, but were in possession by virtue of an agreement in writing whereby the Palmateers agreed to sell the same to the company.

The company failed to pay the stipulated price for the land, and the Palmateers, in some mode not disclosed by the bills of exception, re-entered into possession.

The company likewise failed to pay the purchase price for the machinery. Robinson made demand on the Palmateers for the machinery, and they refused to deliver it or to permit Robinson to take it from the land.

The trial court submitted the facts to the jury, who found for Robinson.

The judgment upon such verdict was brought to the Supreme Court by writ of error and affirmed.

The following memorandum was filed by Chief Justice Beasley at June Term, 1896 :

"BEASLEY, CHIEF JUSTICE. Conditional sale of engine, &c. It was attached to real estate, and the question is, did it thereby become a fixture, &c.?

"This case seems to have resulted legally, the verdict being in favor of the vendor of the chattels.

"The vendee held the equitable title to the lands in question, and it seems to be incontrovertible that when the chattels were annexed to the realty, that neither the vendor of the chattels nor the vendee had any intention of converting them into realty.

"There is no reason to believe that the vendor had the least intention of passing the title until the chattels had been paid for, nor that the vendee meant to assume title in himself. The mere annexation would not, *per se,* convert the chattels into fixtures contrary to the intention of parties when no person has been deceived by their conduct.

"What the effect would have been with respect to a stranger, who was without knowledge of the condition of the annexation, is not the question before this court. The owner of the legal title to the land has lost nothing which he had a right to look for, and the purchaser took title at the receiver's sale with the knowledge that the receiver did not intend to sell the chattels in question.

"Judgment should be affirmed."

The judgment of the Supreme Court is brought here by this writ of error.

For the plaintiffs in error, *Hawkins & Durand.*

For the defendant in error, *Heisley & Morris.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. The single question presented by the assignments of error and the briefs in the case is whether, upon the facts set out in the bills of exception, the court below was right in holding that the machinery in ques-

tion remained the property of Robinson, the vendor, and did not cease to be his personal property by its annexation to the land of the Palmateers.

In view of the express provisions of the contract of sale of the machinery, made between Robinson, its owner, and the New Jersey Mill and Lumber Company, it is perfectly obvious that if that company had affixed the machinery to land belonging to it, in the same manner in which it affixed it to land of the Palmateers, which it occupied under a contract of purchase, such annexation would not necessarily have incorporated the machinery with the land so as to change its character from personalty to realty, for whether property personal in character becomes transformed into realty by annexation depends, among other things, upon the intent, expressed or implied, with which the annexation was made. *Pope* v. *Skinkle,* 16 *Vroom* 39; *Campbell* v. *Roddy,* 17 *Stew. Eq.* 244. The intent of the company in making annexation of machinery which they held under such a contract, must be considered to have been conditional, and the condition to have been that, before its character should be thus changed, the whole purchase price should have been paid, so as to vest the title to the machinery in the company. It is too plain for discussion that, under such circumstances, if the company had defaulted in paying the purchase price, Robinson might have regained possession of the machinery from the company, notwithstanding its being affixed to its land, and might have recovered damages for its conversion if the company refused to surrender it on proper demand.

The case does not require any expression of opinion in respect to the right which is acquired by a *bona fide* purchaser or mortgagee without notice of land to which the owner has affixed property, personal in character, which he holds under such a contract of sale as appeared in this case, before payment of the purchase price.

As was pointed out in *Campbell* v. *Roddy, ubi supra,* the courts of this country are not in agreement upon that ques-

tion, and the lack of harmony among them will appear not only upon the cases there cited, but from others collated in the notes to *Hobson* v. *Gorringe*, 12 *Rul. Cas.* 208.

The Palmateers were neither purchasers nor mortgagees of the land with the machinery apparently affixed thereto. They have laid out nothing in its acquisition. They have simply retaken possession of their land upon the company's default in the performance of its contract to purchase it. Upon retaking possession they have found upon the land the machinery in question, which was brought upon it and affixed to it by the company which they had put in possession under a contract of purchase and sale.

The title to the machinery has never passed from Robinson, the owner of it, unless annexation of it to the land has divested him of it. But such annexation was not made by the Palmateers, but by the company, which became able to annex only by being put in possession by them, and such annexation was, as we have seen, with express reservation of its character as personalty. Under such circumstances they occupy, in respect to the machinery, the same relation which the company occupied, and can no more defend possession of it—the purchase price not having been paid—than could the company. The case of *Hendy* v. *Dinkerhoff*, 57 *Cal.* 3, presents the same features which appear in the case before us, and the conclusion reached was such as is above indicated.

The case of *Campbell* v. *Roddy*, 17 *Stew. Eq.* 244, is analogous and justifies the conclusion above stated. In that case Mr. Justice Reed, in delivering the opinion of the majority of this court, points out that a mutual agreement between the owner of lands and the owner of chattels will be efficacious in preserving the personal character of the latter after annexation, and, while admitting the difficulty of applying the rule in cases where the rights of others become involved, did apply it under the following circumstances: to land which was subject to a prior mortgage the owner annexed machinery, which was subject to a chattel mortgage. It was

held that the lien of the chattel mortgage would be protected so far as it would not diminish the security which the real estate mortgagee would have had if there had been no annexation.

The mortgagee in that case and the Palmateers in the case before us occupy similar though not identical positions. The title to the chattels annexed to the land in the former case had passed to the owner of the land and the vendor retained an interest which was held to be that of a chattel mortgagee. In this case the company obtained no title whatever and expressly agreed that annexation to land should not convert the chattels into realty. If the interest of the chattel mortgagee can be asserted against the prior real estate mortgage, the title of the real owner of the chattels must be capable of assertion as against the landowner, under the circumstances of such annexation as is shown in this case.

Whether, if the machinery had been put into a building which was on the lands the Palmateers contracted to sell to the company at the time the contract was made, and if in removing it damage might be done diminishing the value of the real estate, the owner of the machinery could recover its full value or only after allowance for the injury to the real estate, is a question not presented in the case, for the machinery was affixed to the land and a small building erected over it by the company. It appears it can be removed without injury to other buildings and without substantial injury to the new building.

The result is that the judgment below must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DE-PUE, GUMMERE, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, NIXON.    10.

*For reversal*—None.