JAMES LEO COMPANY, PLAINTIFF AND APPELLANT, v.
JERSEY CITY BILL POSTING COMPANY, DEFENDANT
AND APPELLEE.

Submitted March 19, 1909—Decided September 24, 1909.

An innocent purchaser, without notice, of land to which a fence has
been annexed is not affected by an agreement between the tenant
of his grantor and the owner of the fence at the time of annexa-
tion, by the terms of which the latter was to have the right of
removal.   In such case the fence became a part of the realty and
passed by the deed to the purchaser.

On appeal from the First District Court of Jersey City.

Before Justices REED, TRENCHARD and MINTURN.

For the appellant, *Peter & John Bentley.*

For the appellee, *John J. Mulvaney.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff in this suit seeks damages
for a trespass alleged to have been committed by the defend-
ant's servants in entering upon the plaintiff's lands, and tear-
ing down and carting away a fence, and to recover the value
of the fence.

At the trial in the First District Court of Jersey City the
evidence showed that prior to the purchase of the lands in
question by the plaintiff the defendant had erected a fence
thereon, pursuant to a license given by a written agreement
with the tenant then in occupation of the premises, which
permitted the defendant to erect and maintain a fence for
advertising purposes, conditioned upon its vacating on thirty
days' notice from the tenant, the defendant having the right
upon such notice to remove its property.   The plaintiff took
title to the lands without notice of the license respecting the
fence.   About two weeks after the term of the tenant under

whom the defendant held this advertising privilege had expired, and after having failed to come to terms with the plaintiff for the retention of the fence privilege, the defendant, by its servants, went to the premises in question and removed the fence and carted it away.

The learned trial judge, sitting without a jury, rendered judgment for the plaintiff for nominal damages only, and the plaintiff appeals.

The trial judge was of the opinion that under the facts stated the title of the fence was in the defendant, but he rendered judgment for the plaintiff upon the theory that the defendant in recovering its property committed a technical trespass.

We think the judge was in error in his finding that the title of the fence was in the defendant.

As a general proposition a fence is a part of the freehold, and the ownership of it is determined accordingly. 12 *Am. & Eng. Encycl. L.* (2d ed.) 1059. This is so as between vendor and vendee. *Ruckman* v. *Outwater,* 4 *Dutcher* 581. It is, of course, true, as pointed out by Chief Justice Beasley in *Ivins* v. *Ackerson,* 9 *Vroom* 220, 222, that a fence is not "out and out" a part of the land, but may, as between the owner of the land and the owner of the fence before annexation, retain its character as personalty by an express agreement between them to that effect.

We are thus brought to a consideration of the main question in this case, whether a subsequent innocent purchaser of the land, without notice, is affected by such an agreement.

Most of the cases presenting the question of the right of a third party to chattels which have been annexed to the soil arise as between conditional vendors, or chattel mortgagees, and purchasers or mortgagees of the realty. Our own courts have recognized the title of the conditional vendor or chattel mortgagee as against a mortgage upon the realty executed before the personal property was affixed to the soil (*Palmateer* v. *Robinson,* 31 *Vroom* 433; *General Electric Co.* v. *Transit Equipment Co.,* 12 *Dick. Ch. Rep.* 460; *Campbell* v. *Roddy,* 17 *Stew. Eq.* 244), but thus far, so far as we know.

they have not been called upon to decide as to the rights acquired by a *bona fide* purchaser, without notice, after the fixture is upon the premises. *Palmateer* v. *Robinson,* 31 *Vroom* 433, 436.

In other jurisdictions the weight of authority is to the effect that a subsequent purchaser of the land, without notice, is not affected by an agreement between the owner of the land and the owner of an article at the time of annexation that the article shall retain its personal character and be subject to removal at the pleasure of the owner of the article. *Hobson* v. *Gorringe* (1897), 66 *L. J. Ch.* 114; 1 *Ch.* 182; *McDonald* v. *Weeks,* 8 *Grant Ch.* (*N. C.*) 297; *Porter* v. *Pittsburg Bessemer Steel Co.,* 122 *U. S.* 267; *Prince* v. *Case,* 10 *Conn.* 375; *Joliet First National Bank* v. *Adam,* 138 *Ill.* 483; *Binkley* v. *Forkner,* 117 *Ind.* 183; *Bringholff* v. *Munzenmaier,* 20 *Iowa* 513; *Rowand* v. *Anderson,* 33 *Kan.* 264; *Ridgeway Stove Co.* v. *Way,* 141 *Mass.* 557; *Stevens* v. *Rose,* 69 *Mich.* 259; *Climer* v. *Wallace,* 28 *Mo.* 556; *Arlington Mill, &c., Co.* v. *Yates,* 57 *Neb.* 286; *Haven* v. *Emery,* 33 *N. H.* 69; *Brennan* v. *Whitaker,* 15 *Ohio St.* 446; *Muir* v. *Jones,* 23 *Oreg.* 332; *Forrest* v. *Nelson,* 108 *Pa. St.* 481; *McCrillis* v. *Cole,* 25 *R. I.* 156; *Hutchins* v. *Masterson,* 46 *Tex.* 551; *Davenport* v. *Shants,* 43 *Vt.* 546; *Wade* v. *Donau Brewing Co.,* 10 *Wash.* 284; *Frankland* v. *Moulton,* 5 *Wis.* 1.

As a reason for this rule it has been said: "To hold otherwise would contravene the policy of the laws requiring conveyances of interests in real estate to be recorded, seriously endanger the rights of purchasers, afford opportunities for frauds, and introduce uncertainty and confusion into land titles." *Hunt* v. *Bay State Iron Co.,* 97 *Mass.* 279. See, also, *Haven* v. *Emery,* 33 *N. H.* 66; *Powers* v. *Dennison,* 30 *Vt.* 752, 756.

We have not overlooked the fact that in Alabama, Maine and New York the rule appears to be otherwise, their cases seeming to hold that a subsequent purchaser cannot claim the chattels, though ignorant of the agreement by which they were to retain their personal character. But with regard to

the cases in the last-named jurisdictions we make the follow
ing observations: In the Alabama cases of *Warren* v. *Liddell,*
110 *Ala.* 232, and *W. T. Adams Machine Co.* v. *Interstate
Building Association,* 119 *Id.* 97, the rights of a vendor
of chattels, under an agreement that they should remain per,
sonalty until paid for, were held to be superior to those of a
subsequent mortgagee of the land to which they were an-
nexed as intended, though such mortgagee has no notice of
the rights of the vendor of the chattels. But the decision was
based chiefly upon the rule which there applies to the case of
*bona fide* purchasers of chattels from a conditional vendee,
who, by the rule there obtaining, do not take title to the chat-
tels as against the original vendor. In Maine, in a late case,
the court said: "*Russel* v. *Richards,* 10 *Me.* 429; *Hilborne* v.
*Brown,* 12 *Id.* 162, and *Tapley* v. *Smith,* 18 *Id.* 12, establish
the principle that a building erected by one man on the land
of another, by his permission, remains the personal property
of him who erects it, and does not pass by a conveyance of
the land to a third person, although from its character, pur-
pose and mode of use it appears to be a part of the realty, and
the conveyance is to a *bona fide* purchaser without notice.
These decisions have never been overruled in this state, al-
though it must be admitted that they have been somewhat
discredited by the comments of our own court in more recent
decisions, and the rule established by them is contrary to the
great weight of authority relating to this question." *Peaks* v.
*Hutchinson,* 96 *Me.* 530. With respect to the State of New
York it is sufficient to say, as was pointed out by Mr. Justice
Reed, speaking for our Court of Errors and Appeals in *Camp-
bell* v. *Roddy,* 17 *Stew. Eq.* 244, 250, that their cases on this
question "seem to be in confusion."

We hold, therefore, in accordance with the weight of au-
thority that the plaintiff, being an innocent purchaser, with-
out notice, of the lands to which the fence had been annexed,
is not affected by the agreement between the tenant of his
grantor and the owner of the fence, by the terms of which the
latter was to have the right of removal. In such case the

fence became a part of the realty and passed by the deed. So to hold puts this case in accord with the *obiter dictum* by Mr. Justice Reed in *Campbell* v. *Roddy, supra.*

The result is that the judgment of the court below must be reversed and a *venire de novo* awarded.