OIL CITY BOILER WORKS, DEFENDANT IN ERROR, v. NEW JERSEY WATER AND LIGHT COMPANY, PLAINTIFF IN ERROR.

Submitted December 5, 1910—Decided March 13, 1911.

1. The right of a "subsequent mortgagee in good faith" to chattels which are the subject of an unrecorded contract of conditional sale coming within the provisions of the Conditional Sales acts of 1889, *p.* 421, and of 1895, *p.* 302, to hold them free of the claims of the vendor in such contract, is a right that can be transmitted to a purchaser of such chattels under foreclosure of the mortgage, though such purchaser had notice of the conditional character of the sale.

2. Certain boilers and appurtenances were contracted to be sold with a stipulation that title should not pass until they were fully paid for. The vendee affixed them to the lands of a third party, who had notice of the agreement of conditional sale. *Held,* that they did not become part of the real estate as to such third party or as to the holder of a mortgage already a lien on such real estate.

3. Such mortgage was subsequently foreclosed, and in the foreclosure suit a receiver was appointed and authorized by the court to raise money to operate a water plant embraced in the mortgage by issuing receiver's certificates to be a lien on the mortgaged property. *Held,* that a purchaser of such receiver's certificates acquired no lien upon the property embraced in the contract of conditional sale.

On error to the Supreme Court.

The case was tried before the Hon. Benjamin A. Vail, Circuit Court judge, sitting without jury, and the following decision rendered by him:

This case, by consent of counsel, was tried before the court without a jury. The plaintiff seeks to recover possession of two boilers sold by the plaintiff, under a conditional bill of sale, to the Eagle Construction Company, for the Elberon Water and Light Company at Deal, Monmouth county, New Jersey. The boilers were erected on the plant of the Elberon company, but were not fully paid for, and the plaintiff rests its right to possession upon the agreement with the Eagle Construction Company, which provided that title should not pass from the plaintiff until the purchase-money was paid. The boilers are now in the possession of the defendant, New Jersey Water and Light Company, which has acquired all of the property of the Elberon company through various mesne conveyances and claims that it is an innocent subsequent purchaser in good faith, and, consequently, is not liable to the plaintiff. It is admitted that the case is controlled by what is known as the "Conditional Sales act" (*Pamph. L.* 1889, *p.* 421), as amended by act of 1895 (*Pamph. L., p.* 302). The bill of sale from the plaintiff to the construction company was not recorded; therefore the plaintiff must fail if the defendant comes within any of the three classes mentioned in that act, but as against all other persons its title is good. The only creditors protected by the statute are "creditors of the person contracting to buy." In this case that would be the Eagle Construction Company. It does not appear that it had any creditors, and the defendant makes no claim under that clause. It appears that at the time the boilers were erected the plant of the Elberon company was subject to a mortgage held by the Colonial Trust Company of New York. This mortgage was afterwards foreclosed, and on April 13th, 1907, the property was sold to Samuel Ludlow, Jr., who represented a committee of creditors of the Elberon company. On May 6th, 1907, Ludlow, for the expressed consideration of "one dollar and

other lawful consideration," conveyed the property to the New Jersey Consolidated Water and Light Company, a corporation organized by the creditors of the Elberon company. While the foreclosure of the Colonial Trust Company's mortgage was pending, receivers were appointed by the Court of Chancery, and under its authority, they issued receivers' certificates, for the purpose of completing the plant, to the amount of $140,-000. The decree in the foreclosure case directed that the property be sold subject to these certificates. On May 1st, 1907, the New Jersey Consolidated Water and Light Company executed a mortgage upon the plant to the Columbia Trust Company of New York. On August 18th, 1907, John Sheppard, who was the holder of the receivers' certificates above mentioned, filed a bill in the Court of Chancery to foreclose the lien of the receivers' certificates. The Columbia Trust Company was made a defendant to this suit. On January 7th, 1909, a final decree was entered, adjudging that there was due to the complainant $147,873.50, and to the defendant, Columbia Trust Company, $116,415. Under this decree the property was sold to George E. Bailey for $150,-000, and a deed was given to him dated July 22d, 1909. On July 31st, 1909, Bailey conveyed the property to the defendant for the expressed consideration of "one dollar and other good and valuable consideration." It appears that the title to the plant, upon which the boilers were erected, passed by four conveyances from the Elberon company to the defendant, and if anyone of the purchasers took the title in good faith, that is, without notice of the plaintiff's lien, the plaintiff must fail. *Roll* v. *Rea*, 21 *Vroom* 264.

It therefore becomes necessary to follow the title to the boilers from the time they were sold by the plaintiff to the construction company to the time they came into the possession of the defendant. It appears that about the time the boilers were being installed notice of the plaintiff's claim was given to a Mr. Dodge, who was president of the Elberon company. I think that this was *prima facie* notice to the company. The Colonial Trust Company cannot claim the protection of the statute, because it was a prior, not a subsequent, mortgagee;

neither did it acquire any title to the boilers by their being placed on the plant upon which it held a mortgage. *Palmateer* v. *Robinson*, 31 *Vroom* 433; *Falaenau* v. *Reliance Steel Foundry Co.*, 4 *Buch.* 325.

Ludlow, who purchased under the Colonial mortgage foreclosure, was given notice at the sale. He was not a purchaser in his own right, the evidence showing that he represented a committee of creditors of the Elberon company; purchased for them, and immediately conveyed the property for a nominal consideration to the New Jersey Consolidated Water and Light Company, a corporation organized by creditors of the Elberon company, not of the Eagle Construction Company. This title was soon extinguished under the bill filed by Sheppard, the holder of the receivers' certificates, and at the sale under the decree in this action, Bailey, the purchaser, was given notice of the plaintiff's lien. But he purchased, not in his own right, but as a representative of creditors of the Elberon company, and at once, for a nominal consideration, conveyed to the defendant. Under the last sale, Bailey did not obtain any better title, even if the Columbia Trust Company was a subsequent mortgagee without notice, because the sale did not realize enough to pay the receivers' certificates, and, consequently, no title could have been obtained under the mortgage. The defendant, before the deed was delivered by Bailey and accepted, was served with notice, which appears among the proofs in this case. All of the sales from the Elberon company to the defendant had been the result of proceedings instituted by creditors of the Elberon company. No title has been obtained through any subsequent mortgage, and no new or additional consideration has been shown to have passed from any of the various purchasers. If there was any such consideration, the burden was on the defendant to prove it, and it has failed to do so. *Newark Traction Co.* v. *North Arlington,* 36 *Vroom* 150.

I find that the defendant is not a purchaser in good faith within the meaning of the statute, nor has it acquired any rights of judgment creditors of the persons contracting to buy or of subsequent purchasers or mortgagees in good faith.

The plaintiff is entitled to judgment.

For the plaintiff in error, *Hudspeth & Lane.*

For the defendant in error, *Carrick & Wortendyke.*

The opinion of the court was delivered by

PARKER, J.   We conclude that the judgment of the Supreme Court should be affirmed, substantially for the reasons contained in the opinion of the learned Circuit Court judge. But there is one element in the case not touched upon in those conclusions, and that is the *status* of purchasers of the receivers' certificates issued in the Colonial trust foreclosure, and of subsequent certificates in the Sheppard foreclosure as against the plaintiff's claim of title.   The trial judge seems to have considered that such *status* was immaterial because the bidder at the foreclosure sale was notified of plaintiff's claim. But we think that if *bona fide* holders of the certificates were entitled to a lien on the boilers in question, paramount to the claim of plaintiff's under the agreement of conditional sale, the same right passed to purchasers at a sale in foreclosure of that lien and was not defeated by notice to them.   *Holmes* v. *Stout,* 3 *Gr. Ch.* 492; 2 *Stock.* 419; *Rutgers* v. *Kingsland,* 3 *Halst. Ch.* 178, 658.   Hence, it becomes material to inquire whether the purchasers of such receivers' certificates, if, as we assume, they were *bona fide* purchasers, acquired any lien on the boilers which, if made the foundation of a sale, would defeat the plaintiff's rights; and this in two aspects—*first,* on the theory that the boilers became part of the real estate; and *secondly,* under the Conditional Sales act.

On the first theory the following facts and rules of law are pertinent:   As between plaintiff and the Eagle Construction Company the boilers could not be other than personal property under the terms of the contract that they and the "fixtures, mason work, setting, &c., are to remain the property of the Oil City Boiler Works until fully paid for in cash."   They remained personal property as between plaintiff and the Elberon Water Company when installed on the premises of the latter company with notice to it of the terms of the contract.

At that time the Colonial Trust Company mortgage was already a lien on the Elberon company's plant, and, consequently, the *status* of the boilers as personal property remained as to the mortgagee. *Palmateer* v. *Robinson,* 31 *Vroom* 433, cited by the court below. So that upon a foreclosure sale under the Colonial Trust Company mortgage the boilers would normally not pass to the purchaser, who could get no better rights than the mortgagee in the absence of some estoppel running to him as against the vendors. It is difficult to see how the Court of Chancery could make the receivers' certificates, issued in aid of the Colonial Trust mortgage and in a suit for the foreclosure thereof, a lien upon any but the mortgaged property. So to hold would result in giving a mortgagee the benefit of a lien on such other property for the protection of his mortgage—a proposition the inequity of which is obvious. The holders of certificates issued in the Sheppard suit are in the same position, except that they are one remove further from the position of *bona fide* mortgagees, as their certificates were issued as ancillary to those already dealt with in a foreclosure brought by the holder of the earlier certificates.

Secondly, did the holders of these certificates acquire any rights under the statute? They were, of course, not judgment creditors of the person contracting to buy; nor were they purchasers of the chattels in good faith. We think they were not mortgagees thereof in good faith, in the meaning of the statute. The same argument that has just been made applies equally to them in this aspect, and, consequently, it becomes unnecessary to consider whether the phrase "subsequent mortgagee in good faith," as used in the statute, should be held to include one acquiring a lien created not by the party himself but by a court in the process of a litigation. So that in either aspect the holders of these receivers' certificates acquired no lien on the boilers in dispute and could transmit none to those claiming under them.

We have considered with care the other points and arguments submitted for a reversal of the judgment, and find them without merit. The judgment under review will be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Swayze, Reed, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Congdon, Sullivan, JJ. 15.

*For reversal*—None.