IN RE ESTATE OF HENRY WOOLLEY, GEORGE PAGE, APPELLANT.

Special Term at Brattleboro, February, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed May 2, 1922.

*Judgments—When Impeachable in Collateral Proceeding—G. L. 3405—Waiver of Provisions of Husband's Will by Widow— Time for Filing Waiver—Construction of Statutes—Presumption of Intention of Legislature in Reenacting Statute Previously Construed by Courts—Conclusiveness of Decrees of Probate Court from Which No Appeal Is Taken.*

1. Where a court has jurisdiction of the parties and the subject-matter, its judgment and decrees, however erroneous, cannot be impeached collaterally; but orders or judgments which the court has no power to make under any circumstances are void and this can be asserted in any collateral proceeding where they are relied on in support of a claim.

2. Under G. L. 3405, subd. III, providing that the widow may waive the provisions of her husband's will within eight months after proof of the will, or in such further time as the probate court in its discretion allows, the application for extension of time to file the waiver need not be made within the eight months, but the probate court may permit such waiver at any time before the settlement of the estate is closed.

3. The fundamental rule in construing statutes is to ascertain and give effect to the intention of the Legislature.

4. Where a statute which has been construed by the courts is re-enacted in the same, or substantially the same, terms, the Legislature is presumed to have adopted such construction, unless it expressly provides otherwise.

5. The contention that a widow, because for several years she had received and retained benefits from her husband's estate, had thereby elected to take under his will and that by reason thereof the probate court was without authority to extend the time within which she might waive the provisions of such will, does not go to the jurisdiction of that court, but to the ques-

tion of its error in extending the time, which is not an open question in a collateral proceeding.

6.  Under G. L. 3405, subd. III, a probate court, on application of the widow made nearly 4½ years after the will was proved, had authority, in its discretion, to allow a further time in which to waive the provisions of the will; and a decree granting such extension, unappealed from, and a decree, also unappealed from, dismissing a petition subsequently brought to set aside the order allowing additional time and to expunge the waiver filed by the widow in pursuance thereof from the records, were conclusive and not open to attack in an appeal from the decree to the widow of her distributive share of the estate.

APPEAL from a decree of the probate court for the district of Westminster, directing the executor of the will of Henry Woolley, deceased, to pay to Mary Page Woolley, testate's widow, her distributive share of her husband's estate.  Trial by court at the September Term, Windham County, *Fish*, J., presiding. Judgment affirming the decree of the probate court.  The appellant excepted.  The opinion states the case.  *Affirmed.*

*George A. Weston* for appellant.

*Stickney, Sargent & Skeels* for appellee.

Judgments or orders of a probate court acting within its jurisdiction are final and conclusive until reversed or set aside by some appropriate proceeding, and are not open to collateral attack or reexamination in the same or any other court.  2 Black Judg., Sec. 633; *Adams* v. *Adams,* 22 Vt. 50; *Lawrence* v. *Englesby,* 24 Vt. 42; *Doolittle* v. *Holton,* 28 Vt. 819; *Canjolle* v. *Curtis,* 13 Wall. 465, 20 L. ed. 507; *Veach* v. *Rice,* 131 U. S. 293, 33 L. ed. 163; *Waters* v. *Stickney,* 12 Allen 1, 90 A. D. 122; *Sly* v. *Hunt,* 159 Mass. 151.

SLACK, J.   This is an appeal from the decree of the probate court for the district of Westminster, directing the executor of the will of Henry Woolley, deceased, to pay to the testate's widow the sum of two thousand dollars as part of her distributive share of her husband's estate, in addition to the homestead.  The court below, after hearing on the merits, affirmed the decree of the

probate court with costs, and the case is here on appellant's exceptions.

The main question in the case is whether the probate court has authority under G. L. 3405, subd. III, to allow the widow to waive the provisions of her husband's will more than eight months after such will is proved, no application for further time in which to waive having been made within the eight months. Unless that court has such authority the attempted waiver, presently to be noticed, was of no effect and, consequently, the judgment appealed from is void, because that judgment cannot be sustained unless the widow had authority to, and did, waive the will. The existence of such authority is denied by appellant and affirmed by the appellee, Mary Page Woolley, the widow. She insists, however, that this question has been adjudicated and is not open for our consideration. To determine the latter question it is necessary to notice the facts upon which she bases this claim. In substance they are these: The will was proved February 5, 1916. The persons interested therein appear to have acted under its provisions until July 10, 1920, when upon application for that purpose, the probate court granted the executor a license to sell a part of the real estate of which the widow was given the life use. On July 30, 1920, she applied to the probate court, in writing, for further time in which to waive the provisions of the will, and on October 16, following, after due notice and hearing, the application was granted and she was given until November 1, 1920, in which to elect. That order was not appealed from. On October 26, 1920, by notice in writing that day filed and recorded in the probate court, the widow notified that court of her election to waive the provisions of the will, etc. December 16, 1920, the appellant herein, and others, joined in a petition to the probate court, praying that the order allowing the widow further time in which to elect be set aside, that the decree of the court receiving and directing the written waiver of the widow to be recorded be revoked, and that the waiver be expunged from the records, on the ground, among others, that the widow did not within eight months after the will was proved, waive its provisions or apply for further time in which to waive. After due notice of this petition, and an extended hearing on the merits, the probate court, on February 7, 1921, adjudged that the prayer of the petition be denied and the petition dismissed. That judgment was not appealed from.

It thus appears that the widow's right to waive in the circumstances has been twice passed upon by the probate court, and if that court had authority to act in the matter its judgment in the premises, unappealed from, is conclusive, and cannot be successfully attacked in these proceedings. *In re Well's Estate,* 69 Vt. 388, 38 Atl. 83; *Lawrence* v. *Englesby,* 24 Vt. 42; *Tryon's Admr.* v. *Tryon,* 16 Vt. 313; *Sparhawk* v. *Buell's Admr.,* 9 Vt. 41. On the other hand, if that court lacked authority to make the order in question for the reason that the application therefor was not made within eight months after the will was proved, the order is void.

[1] Generally speaking, when a court has jurisdiction of the parties and the subject-matter its judgment and decrees, however erroneous, cannot be impeached in a collateral proceeding. But to effect this result, the court must have authority to render the particular judgment or decree that is assailed; or, in other words, orders or judgments which the court has not the power under any circumstances to make or render are void, and their nullity can be asserted in any collateral proceeding where they are relied on in support of a claim. *Hendrick* v. *Cleaveland,* 2 Vt. 329; *Probate Court* v. *Winch et al.,* 57 Vt. 282; *In re Harris,* 68 Vt. 243, 35 Atl. 55; *In re Turner,* 92 Vt. 210, 102 Atl. 943. This lack of authority to make or render a particular order or judgment is akin to lack of jurisdiction of the subject-matter.

[2] In the instant case the probate court had jurisdiction of the parties and, generally speaking, of the subject-matter, that is, it had jurisdiction of the settlement and distribution of the estates of deceased persons; but, did it, in the circumstances, have authority to make the order complained of? If we follow the construction given by this Court to the statute in force when *Hathaway* v. *Hathaway,* 44 Vt. 658, was decided, this question must be answered in the affirmative.

That was a proceeding to set out dower and a homestead, and while the question was not raised by the pleadings, the county court held that the widow not having waived the provisions made for her in the ante-nuptial contract within eight months after letters of administration were granted was barred of dower and homestead, and dismissed the petition. This Court held that was error, and in disposing of the question said: "Under the practical and liberal interpretation which the statute

has received in the probate courts, and which we hold should receive, it is not necessary that the widow should petition for an extension of time within the eight months. It is in the power of the probate court to suffer a waiver of a jointure, or other provision by settlement or will, upon application made at any time before the settlement of the estate is closed." We think the present statute should receive a like construction.

[3, 4]    The great fundamental rule in construing statutes is to ascertain and give effect to the intention of the Legislature. 36 Cyc. 1106, and cases there collected. "The intention of the Legislature is the pole star in construing statutes." *Simonds* v. *Powers,* 28 Vt. 354. And where a statute that has been construed by the courts has been re-enacted in the same, or substantially the same, terms, the Legislature is presumed to have been familiar with its construction, and to have adopted it as a part of the law, unless it expressly provides for a different construction. *Whitcomb* v. *Rood,* 20 Vt. 49; *Wyatt* v. *State Board of Equalization,* 74 N. H. 552, 70 Atl. 387; *In re O'Connor et al.,* 21 R. I. 465, 44 Atl. 591, 79 A. S. R. 814; *Frost* v. *Barnert et al.,* 56 N. J. Eq. 290, 38 Atl. 957; *White* v. *State,* 134 Ala. 197, 32 So. 192; *United States* v. *Cerecedo Hermanos y Compania,* 209 U. S. 337, 52 L. ed. 821, 28 Sup. Ct. 532; Endlich on Int. of Stats. § 368; 36 Cyc. 1153. The statute construed by this Court in the Hathaway case in 1870 remained unchanged, in substance, in the revisions of 1880 and 1894, and in 1896 was expressly re-enacted without change. Acts 1896, No. 44, sec. 5, subd. III. And as re-enacted it has remained in force to the present time.

This clearly shows the intention of the Legislature to adopt the construction announced in the Hathaway case, and we see no reason for changing the rule there laid down. We think it a more equable construction than that contended for by the appellant. It is apparent that there might be cases in which the right of election could not be intelligently exercised within the eight months, or exigencies might arise after the eight months, as in the instant case by the sale of part of the land of which the widow was given the life use, in which event, if the appellant's view was adopted, the survivor would be wholly without relief.

[5]    The appellant further contends that the probate court did not have authority to grant the widow further time in which to waive the provisions of the will, because by her conduct she had, in effect, elected to take under the will and had received

rents and income from the estate which she had not returned. These matters do not go to the jurisdiction of that court. They may tend to show that that court erred in allowing the widow further time, but that is not an open question here.

[6]    We hold that the probate court had authority to allow the widow further time in which to waive the provisions of the will, and that its decrees of October 16, 1920, and February 7, 1921, are conclusive, and hence, are not open to attack in these proceedings.

The determination of the jurisdictional question necessarily disposes of the main question in the case.

The appellant saved some exceptions both to the admission and to the exclusion of evidence, but the only ground urged in support of them is want of jurisdiction in the probate court to make the decree allowing the widow further time in which to waive the will, and the consequent invalidity of that decree. Our holding on the main question disposes of these exceptions.

*Judgment affirmed. To be certified to the probate court.*